UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| PRIME PROPERTY & CASUALTY INSURANCE, INC., | : | CASE NO. 1:23-cv-935-JMF |
| | : | |
| Plaintiff, | : | |
| | : | |
| -against- | : | **[PROPOSED]** DEFAULT JUDGMENT ORDER |
| | : | |
| PEDRO CARDENAS, FANCY FOODS, and FANCY FOOD LOGISTICS, LLC, | : | |
| | : | |
| Defendants, | : | |

This matter came before the Court on Plaintiff PRIME PROPERTY & CASUALTY INSURANCE, INC.'s Motion for Default Judgment against Defendants PEDRO CARDENAS and FANCY FOOD LOGISTICS, LLC, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure for failure to answer or otherwise move with respect to the Complaint herein.

**NOW,** upon consideration of the Motion and upon concluding that Defendants PEDRO CARDENAS and FANCY FOOD LOGISTICS, LLC have failed to answer or otherwise appear in this action and that Plaintiff PRIME PROPERTY & CASUALTY INSURANCE, INC. has obtained entry of default from the Clerk of this Court, it is

**ORDERED**, that default judgment is **GRANTED** in favor of Plaintiff PRIME PROPERTY & CASUALTY INSURANCE, INC. and against Defendants PEDRO CARDENAS and FANCY FOOD LOGISTICS, LLC pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and that judgment is entered as follows:

1. Defendants PEDRO CARDENAS and FANCY FOOD LOGISTICS, LLC breached their obligations under PRIME PROPERTY & CASUALTY INSURANCE, INC. Commercial Auto Insurance Policy No. PC1803137, effective March 27, 2018 to March 27, 2019 ("Policy") by failing to cooperate in the investigation, defense and ultimate payment of the underlying suits titled *Mirian Gomez v. Fancy Food Logistics, et al.* (Ind. No. 33008/2019E); *Ramon A. Lugo v. Keagan T. Rogers, et al.* (Ind. No. 25679/2019E); and *Keagan Rogers v. Fancy Food Logistics LLC, et al.* (Ind. No. 22753/2020E), all currently pending in New York State Supreme Court, Bronx County (collectively "Underlying Actions"), and/or failing to help secure and give evidence relative to the Underlying Actions; and that as a result of said breach and ensuing prejudice, PEDRO CARDENAS and FANCY FOOD LOGISTICS, LLC are not entitled to a defense or indemnification from PRIME PROPERTY & CASUALTY INSURANCE, INC. in the Underlying Actions.

2. Because Defendants PEDRO CARDENAS and FANCY FOOD LOGISTICS, LLC

breached their obligations under the Policy, no coverage is afforded to them in the Underlying Actions, and they are not entitled to a defense or indemnification from PRIME PROPERTY & CASUALTY INSURANCE, INC. in the Underlying Actions.

3. As a result of the acts and omissions of Defendants PEDRO CARDENAS and FANCY FOOD LOGISTICS, LLC in breach of the Policy's Condition to cooperate, PRIME PROPERTY & CASUALTY INSURANCE, INC. is entitled to a judgment for reimbursement of all costs, expenses, judgment, and settlements incurred and those that may be incurred in the Underlying Actions from December 29, 2022, which is the date of Plaintiff's denial of coverage, until final judgment of the Underlying Actions.

4. In the event PRIME PROPERTY & CASUALTY INSURANCE, INC. is required to make payments of any kind in the Underlying Actions including but not limited to a judgment, verdict, or fees pursuant to the MCS-90 Endorsement, or any other provision in the Policy or otherwise despite the coverage issues described herein, said payments shall not be construed as voluntary payments, or a waiver of Plaintiff's position or this Judgment. Defendants PEDRO CARDENAS and FANCY FOOD LOGISTICS, LLC are obligated to reimburse PRIME PROPERTY & CASUALTY INSURANCE, INC. for any payments made by Plaintiff.

5. Plaintiff is entitled to statutory interest for all monies expended in defending and indemnifying them in the Underlying Actions.

SO ORDERED.

Dated: New York, New York
June 13, 2023

_____
Hon. JESSE M. FURMAN
United States District Judge

The Clerk of Court is directed to terminate ECF No. 38 and to administratively close the case. Plaintiff may reopen the case and move for an inquest into damages within **thirty days** of a final judgment in the last pending Underlying Action.